IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

ME2 PRODUCTIONS, INC.,
        Plaintiff,

v.                                    Civil Action No. 3:17-CV-00058

LARRY MASON,
        Defendant.

## OPINION

This matter comes before the Court on the plaintiff's, ME2 Productions, Inc., motion for entry of default judgment. (Dk. No. 15.) The plaintiff brought this action against Larry Mason for copyright infringement under 17 U.S.C. § 101. The plaintiff alleges Mason violated its copyright to the film *Mechanic: Resurrection* by using BitTorrent, a file-sharing system, to illegally copy and distribute the film. The plaintiff served Mason with the amended complaint on July 17, 2017. After Mason failed to file responsive pleadings, the plaintiff moved for entry of default. Pursuant to Federal Rule of Civil Procedure Rule 55(a), the Clerk entered default on November 3, 2017. The plaintiff now moves for default judgment. The Court held a hearing on the motion on March 26, 2018.

### I. COPYRIGHT INFRINGEMENT

Under Rule 55(b), when a defendant defaults, he admits the well-pleaded factual allegations in the complaint. Fed. R. Civ. P. 55(b). Thus, in reviewing a motion for default judgment, courts accept plaintiffs' well-pleaded allegations regarding liability as true. *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001). Courts must then determine whether the allegations support the relief sought. *Id.*

To establish copyright infringement, a plaintiff must show (1) the plaintiff owns a valid copyright, and (2) the defendant copied constituent original elements of the work. *ME2 Prods., Inc. v. Ahmed*, __ F. Supp. 3d __, 2018 WL 585547, at *2 (W.D. Va. Jan. 29, 2018) (citing *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991)). Here, the plaintiff pleads the elements of infringement by alleging that it owned a valid copyright, and that the defendant copied and distributed the copyrighted material through a BitTorrent network.[1]

The Court now turns to the appropriate relief in this case. The plaintiff requests a permanent injunction prohibiting future infringement, $6,000 in statutory damages, and $5,120 in costs and attorney's fees.

## II. INJUNCTIVE RELIEF

The Copyright Act authorizes courts to grant injunctions as they deem reasonable to prevent copyright infringement. 17 U.S.C. § 502(a). A permanent injunction is "appropriate when the nature of the infringement prevents an adequate remedy at law, and…a threat of continuing infringement exists." *Ahmed*, 2018 WL 585547, at *2.

Here, the plaintiff adequately pled a claim for copyright infringement, and the record lacks any indication the defendant will abstain from future infringement. Accordingly, the Court grants the plaintiff's request for a permanent injunction.

---

[1] In this "peer-to-peer" exchange, an initial file provider shares a file, or a "seed," with a torrent network. (Am. Compl., at 5.) Other users, or "peers," connect to the seed file and download the movie. (*Id.*) Each new peer receives a different piece of the data from peers who have already downloaded the file, and together, those pieces comprise the whole. This piecemeal system is called a "swarm." (*Id.*) The more peers join the swarm, the greater the likelihood of a successful download. (*Id.*, at 6.) Files spread rapidly in this fashion, allowing users to unlawfully obtain and distribute unauthorized copies of motion pictures for free. (*Id.*)

2

## III. STATUTORY DAMAGES

In lieu of actual damages and profits, the Copyright Act authorizes plaintiffs to recover statutory damages between $750 and $30,000 per work, "as the court considers just." 17 U.S.C. § 504(c)(1). Where plaintiffs prove willful infringement, courts may award up to $150,000. 17 U.S.C. § 504(c)(2). Courts have broad discretion within the statutory range. *Malibu Media, LLC v. Doe*, No. TDC-15-3185, 2018 WL 329041, at *1 (D. Md. Jan. 5, 2018). In determining statutory damages, courts have considered a variety of factors, including:

> (1) whether the defendant was the original provider of the infringed content to its distribution network; (2) whether, and how much, the defendant profited or saved in connection with the infringement; (3) the plaintiff's actual losses; (4) the deterrent effect of statutory damages; and (5) the defendant's willfulness and intent in infringing the plaintiff's protected content.

*Id.* at *2.

Here, the plaintiff does not allege that the defendant was the original user who made the film available to others. *See Malibu Media, LLC v. [Redacted]*, No. CCB-15-1700, 2016 WL 245235, at *2 (D. Md. Jan. 21, 2016) (finding "no evidence suggesting the defendant was the original 'seed' or provider of the protected content on the BitTorrent network"). Nor does the plaintiff allege the defendant received any specific profits in connection with the infringement. Additionally, the plaintiff fails to allege any actual losses.

A statutory award of $750 is consistent with the recent trend in courts across the country. *Malibu Media, LLC v. [Redacted]*, No. PWG-14-261, 2017 WL 633315, at *3 (D. Md. Feb. 15, 2017) (collecting cases). This trend results from courts observing "copyright holders who seek copyright infringement damages not to be made whole, but rather as a primary or secondary revenue stream and [who] file mass lawsuits against anonymous Doe defendants with the hopes of coercing settlements." *Id.*

The plaintiff in this case has sued defendants across the country for copyright infringement, including for its copyright to *Mechanic: Resurrection*. *See Ahmed*, 2018 WL 585547, at *2 (citing *ME2 Prods. v. Pumaras*, No. 1:17-00078, 2017 WL 4707015 (D. Haw. Oct. 19, 2017)). The plaintiff not only filed an identical lawsuit in this district (3:17-cv-00057), but also filed a nearly identical lawsuit in the Western District. *See Ahmed*, 2018 WL 585547, at *1. Although the plaintiff alleges willfulness, the statutory minimum award sufficiently compensates the plaintiff and deters future infringement. *See id.*, at *2 (awarding statutory damages of $750 despite a claim of willful infringement).

## IV. ATTORNEY'S FEES AND COSTS

The plaintiff requests $4,380 in attorney's fees and $740 in costs. The Copyright Act gives courts discretion to allow the prevailing party to recover costs and reasonable attorney's fees. 17 U.S.C. § 505. Courts have broad discretion regarding costs and fees, but must make case-by-case assessments in light of the goals of the Copyright Act. *Ahmed*, 2018 WL 585547, at *3 (citing *Kirtsaeng v. John Wiley & Sons, Inc.*, 136 S. Ct. 1979, 1985, 1989 (2016)).

Courts use the lodestar method to calculate attorney's fees by multiplying a reasonable hourly rate by a reasonable number of hours to spend on the particular litigation. *McAfee v. Boczar*, 738 F.3d 81, 88 (4th Cir. 2013). Counsel here requests fees for 14.6 hours, which the Court finds unreasonable in light of the nearly identical complaints the plaintiff filed in this district and in the Western District. In the Western District case, the court deemed two hours of work at an hourly rate of $300 reasonable. *Ahmed*, 2018 WL 585547, at *3–4.

Here, the Court finds that one-half hour of work at an hourly rate of $300 adequately compensates counsel. This award reflects the cookie-cutter nature of this case, in which an attorney could either copy or paste much of the work, or a paralegal could accomplish it. *See*

*Pumaras*, 2017 WL 4707015, at *6 (finding $250 in attorney's fees reasonable). In *Malibu Media*, the Maryland court expressed concern about counsel submitting identical billing charts in multiple cases. 2018 WL 329041, at *5. This award also takes into account the questionable nature of the billing entries in this case. Counsel here submitted nearly identical fee requests in two cases pending before this Court. Moreover, counsel billed for preparing interim status reports pursuant to a Court order that does not exist. In light of these concerns and the nature of the work involved, the Court finds a $150 fee appropriate.

The plaintiff requests the following costs: a $400 court filing fee; $90 in subpoena response costs to Comcast to identify the defendant; a $100 process service fee for serving Comcast; a $100 process service fee for serving the defendant; and a $50 fee to verify the military status of the defendant. The Court will award the plaintiff the filing fee of $400, but declines to award the remaining costs requested. *See Ahmed*, 2018 WL 585547, at *4 n. 2 (noting that courts do not "recognize as recoverable service fees paid to a private process server").

## V. CONCLUSION

For the reasons stated herein, the Court grants the plaintiff's motion for default judgment. The Court will enter judgment in favor of the plaintiff in the amount of $1,300, representing $750 in statutory damages, $150 in attorney's fees, and $400 in costs. The Court will also enjoin the defendant from further infringement.

The Court will enter an appropriate Order.

Let the Clerk send a copy of this Opinion to all counsel of record.

Date: March 26, 2018
Richmond, VA

/s/ John A. Gibney, Jr.
United States District Judge

5